HON. J. G. TALIAFERRO,
HON. R. K. HOWELL,
HON. W. G. WYLY, } *Associate Justices.*
HON. P. H. MORGAN,

---

No. 5793.

EDWARD J. GAY & CO. VS. EATON & BARSTOW. S. CRANWILL, ASSIGNEE OF DEFENDANTS. JOHN B. BEHM ET AL., INTERVENORS.

In this case it was manifestly the intention of the parties to the agreement that the proceeds of the property sequestered should remain on deposit until the controversy then pending should be determined, and that the money should be paid to the party winning. The sequestration having been dissolved, the property must be returned to the possession of the party from whom it was taken—that is, the intervenors.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Merrick, Race & Foster,* for plaintiffs and appellees. *A. & W. Voorhies,* for S. Cranwill, assignee of defendants and appellants. *Breaux, Fenner & Hall,* for intervenors and appellees.

LUDELING, C. J. Eaton and Barstow, planters in St. Landry, were sued in New Orleans for a debt, and certain hogsheads of molasses and barrels of sugar were sequestered in the possession of Payne, Dameron & Co. The molasses and sugar had been consigned to them for account of J. B. Behm et al., who intervened in said suit and bonded the property. The order to bond the property was subsequently set aside by the court; and the intervenors and the plaintiffs agreed that the property might be sold and that the proceeds of the sale should be deposited in the New Orleans National Bank, which was done. The bank gave a

receipt for the money, to be paid on the. order of the Fourth District Court. Eaton & Barstow, the defendants, do not appear to have taken .any interest in the contract for themselves.

The suit was dismissed for want of jurisdiction *ratione personæ*. And Eaton & Barstow having gone into bankruptcy in the meantime, their assignee sued the bank for the money in the United States District Court.

J. B. Behm et al., the intervenors in the above mentioned suit, now .ask for an order on the bank for the money, inasmuch as the judgment of the court aforesaid is silent on this point, and the bank requires an order from the court to pay to protect itself.

It was manifestly the intention of the parties to the agreement that the proceeds of the property sequestered should remain on deposit until the decision of the controversy then pending should be determined, and that the money should be paid to the party winning. The sequestration having been dissolved, the property must be returned to the possession of the party from whom it was taken—that is, the intervenors.

It is therefore ordered that the judgment be affirmed, with costs of .appeal.

Rehearing refused.